**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Mitchell David Holbach, | ) | |
| | ) | **ORDER DENYING PLAINTIFF'S** |
| Plaintiff, | ) | **MOTION FOR PRELIMINARY** |
| | ) | **INJUNCTION** |
| vs. | ) | |
| | ) | |
| Leann Bertsch, Don Redmann, Bill | ) | |
| Harris, and Tyler Falk, | ) | Case No. 1:09-cv-014 |
| | ) | |
| Defendants. | ) | |

---

On April 6, 2009, the Plaintiff initiated a civil rights action under 42 U.S.C. § 1983. See Docket No. 2. Included in the complaint is a motion for preliminary injunction. See Docket No. 3. The Court denies the motion for the reasons set forth below.

## I. BACKGROUND

The plaintiff, Mitchell David Holbach, is currently an inmate at the James River Correctional Center in Jamestown, North Dakota. Holbach explains the factual background that has led him to file a motion for a preliminary injunction:

> [The North Dakota Department of Corrections and Rehabilitation (DOCR)] is causing the estrangement between my son and I On or about December 5th 2008, CCM was contacted by a Carol Healy, as a result of the communication Tyler Falk contacted Inmate Phone Representative Bill Harris, who put a block on the phone number to prevent me from contacting my minor child. I next met with CCM Falk and informed him Carol Healy had no authority or right to request phone block, and her action was to deprive me of my parental rights and Court Ordered Visitation rights authorizing me telephone contact with my son. The block was temporarily removed for a short time. I sent the Mother of my son a telephone application and correspondence by certified mail, return receipt, restricted delivery to secure proof of service of my legal correspondence. I did this thru my CCM Tyler Falk, but due to his failure to properly submit the required U.S. Postal Service documents in accordance to procedure, my letter was not given "restricted delivery." Upon its return receipt to me, I attempted to attain a refund for the restricted service on

> December 26. I provided my original receipts to my CCM who returned to me "photocopies" of my original receipts. I attempted to secure my original receipt documents. I received my refund, but CCM TYLER FALK caused the destruction and loss of my original receipts I intended to submit as evidence in my visitation enforcement action. Inmate phone Representative again blocked me from calling my son alleging he had received no telephone application and per DOCR policy, blocked the phone number, preventing me from calling my minor son. DOCR and phone representative are blocking me from contacting my minor son, blaming my childs mother for the block, because she will not send back a telephone application to them. I've shown my court Orders to staff, contacted Warden and DOCR Director, worked with social worker to no avail The mother of my child has a long history of frustration of visitation and depriving me of my parental rights, denying my son and I contact repeatedly. DOCR is ignoring my court order and DOCR is blocking me from calling my sister, they are losing telephone application, and delibetly blocking my calls despite all my efforts to follow procedure. violation of my 1st Amendment rights

See Docket No. 3 (errors in original).

## II. LEGAL DISCUSSION

Holbach moves the Court to enter a preliminary injunction against the Defendants:

> I ask Court to enter preliminary injunction directing DOCR to remove the phone block, which is preventing me from exercising my parental rights to maintain a relationship with my minor son, to direct them to alter telephone policy to only allow blocks by parties request and legal authority, but to not deprive incarcerated parents from contacting child, and to enforce equally child contact/visitation rights with the same diligence as they do support/garnishment/attachments of inmate funds/pay/income. To punish them for permitting unauthorized communication by CCM Tyler Falk with people outside the institution without a release of information authorization signature whereas he disclosed information about me improperly. FOR CCM TYLER FALKS negligence in handling my official US Postal Service Legal mail proof of service resulting in the destruction and loss of my original evidence receipts. FOR Depriving me of my parental rights and denying me contact with my son For refusing to submit to the Authority and Order of my child visitation Order/rights. FOR COURT TO APPOINT ME COUNSEL. TO ASSIST ME IN PROTECTING PARENTAL RIGHTS OF ALL INMATES INCARCERTED BY NDDOCR AND THE RIGHTS OF PRISONERS CHILDREN TO PRESERVE AND PROTECT PARENT/CHILD RELATIONSHIPS AS REHABILATATIVE PROCESS That the court declare DOCR amend its rules, policy, and procedures to accomodate child visitation and encompass it into telephone procedures to permit

> parents to remain in contact with their children, and to restrain DOCR from "blocking" parent-child telephone communications or to aid, abet, or assist a custodial parent from depriving visition by phone if court order authorizes telephone contact or parental rights to contact child.

See Docket No. 3 (errors in original).

In determining whether a preliminary injunction should be issued, the Court is required to consider the factors set forth in Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981). The Court must consider "(1) the movant's probability or likelihood of success on the merits, (2) the threat of irreparable harm or injury to the movant absent the injunction, (3) the balance between the harm to the movant and the harm that the injunction's issuance would inflict on other interested parties, and (4) the public interest." Wachovia Sec., L.L.C. v. Stanton, 571 F. Supp. 2d 1014, 1032 (citing Dataphase Sys., Inc., 640 F.2d at 114).

It is well-established that the burden of establishing the necessity of a preliminary injunction is on the movant. Baker Elec. Co-op., Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994); Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 737 (8th Cir. 1989). "'No single factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction.'" Baker Elec. Co-op., Inc., 28 F.3d at 1472 (quoting Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc., 815 F.2d 500, 503 (8th Cir. 1987)).

Because the relief sought by Holbach goes directly to the manner in which the James River Correctional Center operates, the request for a preliminary injunction must be viewed with caution and judicial restraint. Prison administrators must "be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979). The operation of the phone system depends on policies and practices that preserve order

and discipline and maintain security. Having reviewed Holbach's claim and being aware of the necessity for order and discipline in prisons, the Court concludes that Holbach has not demonstrated a likelihood of success on the merits because the allegations are vague and conclusory, and he has not presented sufficient evidence to overcome the deference given to prison administrators. Further, Holbach has failed to demonstrate that the relief he seeks outweighs the James River Correctional Center's interest in the maintenance of security, and warrants the Court's involvement in what is essentially an administrative function.

Under the second Dataphase factor, Holbach must establish that there is a threat of irreparable harm if injunctive relief is not granted and that such harm is not compensable by money damages. Doe v. LaDue, 514 F. Supp. 2d 1131, 1135 (D. Minn. 2007). There is nothing in Holbach's submissions to suggest that he has been prejudiced in any irreparable way. There are other methods by which Holbach can stay in contact with his son, namely, writing letters, and there is no indication that the "phone block" is permanent.

Finally, the granting of injunctive relief in this case would not serve the public interest. "The public has a strong interest in the safe, efficient, and orderly operation of its prison system." Burke v. North Dakota Dept. of Corr. and Rehab., 2008 WL 4826080, at *2 (D.N.D. Nov. 3, 2008). This interest would not be served if the Court were to give little deference to prison administrators and micro-manage every picayune dispute that arises within the institution.

## III. CONCLUSION

Having carefully considered Holbach's motion for preliminary injunction, the Court finds that he has failed to meet his burden under Rule 65 of the Federal Rules of Civil Procedure. None

of the Dataphase factors weighs in favor of granting injunctive relief in this case. For the reasons set forth above, the Plaintiff's Motion for Preliminary Injunction (Docket No. 3) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 20th day of May, 2009.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court