**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Mitchell David Holbach, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ADOPTING REPORT** |
| | ) | **AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Leann Bertsch, Don Redmann, Bill Harris, and Tyler Falk, | ) ) | |
| | ) | Case No. 1:09-cv-014 |
| Defendants. | ) | |

_____

On April 7, 2009, the Court conducted a preliminary screening of the Plaintiff's complaint under 28 U.S.C. § 1915A to identify any cognizable claims and to dismiss any part of the complaint that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. See Docket No. 8. The Court was "not prepared to conclude at [that] point that no claim for relief has been stated." See Docket No. 8.

Defendants Leann Bertsch, Don Redmann, and Tyler Falk filed a motion for summary judgment on August 19, 2009, and Defendant Bill Harris filed a motion to dismiss on August 25, 2009. See Docket Nos. 25 and 29. The Plaintiff filed responses and supplemental evidence to the motions on September 4, 2009, September 15, 2009, September 18, 2009, November 17, 2009, and December 4, 2009. See Docket Nos. 31, 35, 37, 40, and 41. The Defendants filed reply briefs on September 14, 2009 and September 28, 2009. See Docket Nos. 34 and 39. On December 4, 2009, Magistrate Judge Charles S. Miller, Jr. issued a Report and Recommendation wherein he recommended the Defendants' motions be granted in part, claims 1 and 2 be dismissed with

prejudice, and claims 3-7 be dismissed without prejudice.[1]  See Docket No. 42.  The Plaintiff was given fourteen (14) days to file an objection to the Report and Recommendation.  The Plaintiff did not file an objection.

Holbach contends the Defendants have violated his First Amendment rights by effectively preventing him from communicating with his minor child by "blocking" his child's phone number. Bertsch, Redmann, and Falk contend that the Department of Corrections and Rehabilitation's (DOCR's) telephone policy is constitutional and DOCR did not violate Holbach's constitutional rights.  Harris contends that none of Holbach's requested relief is directed towards Harris, and that Holbach has not alleged that Harris acted with recklessness or committed intentional misconduct.

It is well-established that the public has a strong interest in the safe, efficient, and orderly operation of its prison system.  Burke v. N.D. Dep't of Corr. & Rehab., 2008 WL 4826080, at *2 (D.N.D. Nov. 3, 2008) (citing Meachum v. Fano, 427 U.S. 215, 228-29 (1976)).  Prison administrators must "be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  Bell v. Wolfish, 441 U.S. 520, 547 (1979).  "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."  Turner v. Safley, 482 U.S. 78, 89 (1987).  The Supreme Court considered four criteria in applying this standard:

---

[1]The alleged unconstitutionality of DOCR's phone policy is referred to as Claim No. 1 in the Report and Recommendation.  Holbach's claim that the blocking of the telephone numbers violates his constitutional rights is referred to as Claim No. 2.  The Report and Recommendation refers to Holbach's state law claims as Claim Nos. 3-7 which include negligence and violation of state court orders and prison policies.

> (1) whether there is a valid, rational connection between the regulation and legitimate governmental interests put forward to justify it; (2) whether alternative means of exercising their rights remain open to the prisoners; (3) whether accommodation of the asserted rights will trigger a "ripple effect" on fellow inmates and prison officials; and (4) whether a ready alternative to the regulation would fully accommodate the prisoners' rights at de minimis cost to the valid penological interest.

Benzel v. Grammer, 869 F.2d 1105, 1108 (8th Cir. 1989) (citing Turner, 482 U.S. at 89-90; Salaam v. Lockhart, 856 F.2d 1120, 1122 (8th Cir. 1988)).

In Benzel, the Eighth Circuit Court of Appeals found the telephone policy at the Nebraska State Penitentiary did not violate the inmate's rights under either the First Amendment or the equal protection clause of the Fourteenth Amendment. The Eighth Circuit stated:

> Although in some instances prison inmates may have a right to use the telephone for communication with relatives and friends, prison officials may restrict that right in a reasonable manner, subject to rational limitations in the face of legitimate security interest of the penal institution. A prisoner has no right to unlimited telephone use.
>
> . . .
>
> In the present case, internal security and rehabilitation concerns justify the telephone policy in [Housing Unit] # 5. The policy at issue only limits inmates' right to communicate by telephone, not their mail or visiting privileges. Furthermore, the policy seems the best way of addressing the legitimate concerns of prison authorities.

Benzel, 869 F.2d at 1108-09 (internal citations omitted).

The affidavit of Patrick Branson, the deputy warden of the North Dakota State Penitentiary, states, "Inmates can use telephone communications to harass victims and other persons outside the prison . . . [and] to formulate escape plans, arrange assaults or other violent acts, or coordinate other illegal activities." See Docket No. 26-1. By permitting "DOCR to verify who inmates are calling and to block improper or unwanted calls" and by helping DOCR gather information in the case of an inmate escape, DOCR's phone policy has a valid, rational connection to the legitimate

3

governmental interests.  See Docket No. 26-1.  DOCR's phone policy leaves inmates with alternative means of communicating with family and friends as well, such as written correspondence, visits, and email.  The Court agrees with the Defendants that eliminating the requirement of the telephone application would have far-reaching implications on DOCR security.  Holbach has not offered a reasonable alternative to DOCR's phone policy, and the Court finds no alternative to DOCR's phone policy that would fully accommodate the inmates' rights at de minimis cost to the valid penological interests.  The Court finds, as a matter of law, that DOCR's phone policy is valid.

The Court further finds, as a matter of law, that DOCR's phone policy did not violate Holbach's constitutional rights.  Holbach listed his minor child's phone number on his telephone call list.  DOCR did not receive a completed telephone application from the minor child's mother.  According to DOCR's phone policy, the number was then blocked.  Holbach contends that DOCR is violating court orders relating to his visitation and contact with his minor child.  However, the court orders relating to visitation and contact between Holbach and his minor child do not require DOCR to do anything.  If the minor child's mother is frustrating visitation and contact, Holbach's proper course of action is to bring an action in state court (Traverse County, Minnesota) to enforce the visitation and contact orders.  Holbach's complaint is with the minor child's mother and her alleged failure to comply with a Minnesota state court order on visitation and contact.  That is not DOCR's concern, and Holbach's remedy is to petition the state court in Minnesota for relief.

Holbach contends the Defendants committed "Fraud upon the Court by Officers of the Court" in his response to the Defendants' motion for summary judgment.

> "Fraud on the court, though not easily defined, can be characterized as a scheme to interfere with the judicial machinery performing the task of impartial adjudication,

> as by preventing the opposing party from fairly presenting his case or defense. A finding of fraud on the court is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel, and must be supported by clear, unequivocal and convincing evidence."

Landscape Props., Inc. v. Vogel, 46 F.3d 1416, 1422 (8th Cir. 1995) (quoting In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, 538 F.2d 180, 195 (8th Cir. 1976)). Holbach contends that the "defendants and their counsel are concealing and omitting the follow[ing] fact: Defendant Bill Harris was NOT blocking telephone numbers after 30 days and no telephone application was received." See Docket No. 31 (emphasis in original). The Court finds, as a matter of law, that this does not meet the standard for fraud on the court.

Holbach seeks injunctive relief regarding DOCR's phone policy. The complaint does not request any relief from Harris. The only allegations against Harris are that, as an inmate phone representative, Harris put a block on a certain phone number so that Holbach could not call that number and that Harris did not follow DOCR's phone policy in all instances. Holbach contends in his response that "Harris was negligent in the performance of his required duties." See Docket No. 31. Holbach also contends negligence on the part of the other defendants. See Docket Nos. 7 and 35. However, allegations of negligence or gross negligence are not enough to state a claim under 42 U.S.C. § 1983. Roach v. City of Fredericktown, Mo., 882 F.2d 294, 297 (8th Cir. 1989). The Court finds that the complaint fails to state a claim against Harris for which relief may be granted.

The Report and Recommendation did not consider whether the state law claims should survive the pending motions. Since the Court has broad discretion to either decline or exercise supplemental jurisdiction in the absence of a viable federal claim, the Court need not consider the

state law claims. 28 U.S.C. § 1367(c). The Court, in its broad discretion, declines to exercise supplemental jurisdiction over Claims 3-7.

The Court has carefully reviewed the Report and Recommendation and relevant case law, and finds the Report and Recommendation to be persuasive. Accordingly, the Court **ADOPTS** the Report and Recommendation (Docket No. 42) in its entirety, **GRANTS IN PART** the Defendants' motions (Docket Nos. 25 and 29), **DISMISSES** Claims 1 and 2 of the complaint (Docket No. 7) **WITH PREJUDICE**, and **DISMISSES** Claims 3-7 of the complaint (Docket No. 7) **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated this 5th day of January, 2010.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court